IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA DORSEY, | ) | CASE NO. 1:08cv01103 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| COMMONWEALTH LAND | ) | |
| TITLE INSURANCE COMPANY | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |

On October 2, 2008, Defendant Commonwealth Land Title Insurance Company ("Commonwealth") moved the Court for an award of attorney's fees and costs, pursuant to Fed. R. Civ. P. 41(a)(2), and alternatively pursuant to Fed. R. Civ. P. 37(d). (Doc. 43.) Plaintiff Victoria Dorsey ("Dorsey") filed a Memorandum in Opposition to Defendant's Motion (Doc. 45). Commonwealth filed a reply brief (Doc. 46) and Ms. Dorsey filed a surreply (Doc. 47). The Honorable James S. Gwin referred this matter to the undersigned Magistrate Judge for a report and recommendation. (Doc. 44.) For the reasons set forth below, the Magistrate Judge recommends that the motion be DENIED IN PART AND GRANTED IN PART.

**I.     Background**

On May 1, 2008, Plaintiff Victoria Dorsey filed the instant case as a putative class action alleging that she was charged a higher basic rate for title insurance rather than a lower rate to which she was allegedly entitled. On September 18, 2008, Ms. Dorsey failed to appear for her deposition. On September 22, she filed a Motion to Dismiss the complaint with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. 41.) On September 24, 2008, the Court granted the motion. (Doc. 42.)

As a result of the dismissal, Commonwealth is now seeking an award of all of its "reasonable attorneys' fees and costs in defending this action." Alternatively, Commonwealth seeks its fees and costs resulting from Ms. Dorsey's failure to appear at her deposition.

**II.    Analysis**

    **A.     Attorneys Fees and Costs Pursuant to Rule 41(a)(2)**

Rule 41(a)(2) provides in relevant part: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms an conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal MCA Music Publ.*, 481 F.3d 926 (6th Cir. 2007).

Pursuant to Rule 41(a)(2), courts commonly award costs and attorney fees to defendants where plaintiffs dismiss their cases *without* prejudice. *Spar Gas, Inc. V. AP Propane, Inc.*, 1992 WL 172129, at *3 (6th Cir. July 22, 1992). "The reasoning behind this rule where the action is dismissed without prejudice is to compensate the defendant for expenses in preparing for trial in

light of the fact that a new action may be brought in another forum." *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965).

In contrast, courts typically do not award attorneys fees and expenses where plaintiffs move to voluntarily dismiss with prejudice. *Lum v. Mercedes Benz, USA, LLC*, 246 F.R.D. 544, 546 (N.D. Ohio 2007). Some courts have found attorneys fees or costs to be appropriate pursuant to other statutory authority or when exceptional circumstances justify an award of costs. *Id.* One example cited by Judge Carr in *Lum* is "where a litigant repeatedly brings claims and then voluntarily dismisses them with prejudice, thus inflicting significant costs on the opposing party and the courts." *Id.*

In the instant action, Commonwealth seeks an extension of the rule followed by the Sixth Circuit to include cases, such as this, where the named plaintiff dismisses the action with prejudice, but the remaining putative class members' actions are not dismissed with prejudice. Commonwealth argues that because the class potentially could sue Commonwealth again, "this dismissal does not 'finally terminate' this cause of action, and Commonwealth is subject to being made to defend against it again."

However, there is no scenario where Ms. Dorsey or her attorneys could dismiss this action with prejudice on behalf of putative class members because the Court never certified the class. In the absence of certification, there is no class action under 23(c)(1). *Baxter v. Palmingiano*, 425 U.S. 308, 310 n.1 (1976). Unnamed class members are not technically a part of an action until the court certifies the class. *See Bd. v. Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975)(holding an action moot when plaintiffs challenging rules of a school

newspaper graduated and the court had not certified a class). Therefore, the unnamed, uncertified class members never were part of the instant action. As such, they have no claims to be dismissed whether with or without prejudice.

Commonwealth argues that the reasoning behind the general proposition that attorneys fees and costs may be awarded in an action dismissed without prejudice applies to the instant situation as well – namely, that they should be compensated for expenses in preparing for trial in light of the fact that a new action could be brought in another forum (citing *Smoot*, 353 F.2d 833). Commonwealth contends that Ms. Dorsey's attorneys have brought similar actions in the past. In its Reply brief, Commonwealth asserts "it is not at all unlikely that the same lawyers representing Ms. Dorsey will, if at all possible, attempt to bring a new action against Commonwealth asserting similar legal claims, on behalf of the same putative class, but with an entirely new named plaintiff whose refinance transaction will involve an entirely new set of facts that require extensive investigation." (Reply at 4.) This argument is self-defeating, as it is clear that Commonwealth will not have to potentially prepare for trial with regard to Ms. Dorsey's claims in another forum, but rather a hypothetical newly named plaintiff.

Moreover, Commonwealth has not identified one case in this Circuit or elsewhere in which a defendant was awarded attorneys fees and costs under these circumstances. Commonwealth does cite the case *Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir. 2001). However, while the Seventh Circuit held that a district court did not abuse its discretion by awarding costs to defendants when plaintiffs dismissed a putative class action, it did so on the basis that plaintiffs were dismissing the five-year-old action on the eve of trial. *Id.* At 656. There

is nothing in the opinion that indicates that costs were assessed to the plaintiffs because the uncertified class members had potential future claims.

Without such precedence, the Magistrate Judge declines to recommend that attorneys fees and costs be awarded under Rule 41(a)(2).

### B. Attorneys fees and costs pursuant to Rule 37(d)

In the alternative, Commonwealth seeks attorneys fees and cost resulting from Ms. Dorsey's failure to appear at her deposition. Pursuant to Federal Rule of Civil Procedure 37(d), a court may sanction a party for failure to appear at a deposition in the form of attorneys fees and costs, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b) and (d).

Ms. Dorsey concedes that she lacked substantial justification for failing to appear and agrees to pay the actual costs incurred by Commonwealth associated with her deposition. As set forth in the Affidavit of Commonwealth's counsel, and not disputed by Ms. Dorsey, the actual fees and costs incurred by Commonwealth total $4,764.28. Therefore, the Magistrate Judge recommends that the Court order Ms. Dorsey to pay attorneys fees and costs of $4,764.28 under Rule 37(d).

### III. Conclusion

For the reasons stated above, the Magistrate Judge recommends that Commonwealth's Motion for Attorney's Fees and Cost be **DENIED IN PART AND GRANTED IN PART.**

Specifically, the Magistrate Judge recommends that Commonwealth should be awarded only those fees and costs associated with Ms. Dorsey's failure to appear at her deposition, totaling $4,764.28.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE

Date: November 6, 2008

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

